**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4662

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DALIA MARQUEZ BERNAL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00023-JAB-2)

Submitted: March 13, 2015        Decided: April 2, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dalia Marquez Bernal appeals her sentence after pleading guilty to two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). The district court sentenced Bernal to the statutory mandatory minimum consecutive prison terms of 84 and 300 months, totaling 384 months or 32 years. Bernal's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing her to 384 months in prison, including a claim that her sentence is disproportionate in violation of the Eighth Amendment. Bernal has filed a pro se supplemental brief raising the additional issues of whether her guilty plea was knowing and voluntary, and whether counsel was ineffective. We affirm.

"[F]or a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. (citation and internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the

2

circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Id. (citation and internal quotation marks omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A guilty plea may be knowingly and intelligently made based on information received before the plea hearing. See id. at 117; see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an

3

exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

When a defendant does not seek to withdraw her guilty plea in the district court, we review any claim that the district court erred at her guilty plea hearing for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Under that standard, a defendant must show (1) error; (2) that was plain; (3) affecting her substantial rights; and (4) that we should exercise our discretion to notice the error. Id. at 529, 532. To show that her substantial rights were affected, she "must show a reasonable probability that, but for the error, [s]he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that the district court did not err in accepting Bernal's guilty plea, and her plea was knowing and voluntary under the totality of the circumstances. On appeal, Bernal claims she did not understand that she would be sentenced to 32 years, and she suggests that her plea may not have been voluntary. However, the record shows that she was correctly informed of the mandatory minimum penalties before the district court accepted her plea; she denied that anyone had forced her to enter her plea against her will; she affirmed that she was, in fact, guilty; and there was

4

an independent factual basis to support her plea. As a result of her plea, the Government dismissed eight other counts that would have exposed her to an additional consecutive prison sentence. Thus, her decision to plead guilty was a voluntary and intelligent choice among the available alternatives.

Bernal also contends that her sentence is disproportionate to the severity of her crimes and constitutes cruel and unusual punishment in violation of the Eighth Amendment. We review this claim de novo. See United States v. Dowell, 771 F.3d 162, 167 (4th Cir. 2014). The Supreme Court "has explained that the narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Cobler, 748 F.3d 570, 575 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014) (citations and internal quotation marks omitted). "Before an appellate court concludes that a sentence is grossly disproportionate based on an as-applied challenge, the court first must determine that a threshold comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality." Id. (citations and internal quotation marks omitted).

We have reviewed the record and conclude that Bernal fails to make this threshold showing of gross disproportionality.

Moreover, to the extent that she also contends that her sentence is unreasonable, we conclude that this claim is without merit. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (statutorily required sentence is per se reasonable).

Finally, Bernal arguably claims that her counsel was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of Bernal's counsel, this claim should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED