IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DALIA MARQUEZ BERNAL,           )
                                )
        Petitioner,              )
                                )
    v.                          )       1:14CR23-2
                                )       1:15CV521
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per Senior United States District Judge James A. Beaty, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, consecutive prison terms of 84 months and 300 months, as a result of her guilty plea to two counts of using and carrying by brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket Entry 34; see also Docket Entry 1 (Indictment); Docket Entry 21 (Factual Basis); Docket Entry 23 (Plea Agt.); Docket Entry 44 (Plea Hrg. Tr.); Docket Entry 45 (Sent'g Hrg. Tr.).)[1] After the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Bernal, 605 F. App'x 152 (4th Cir. 2015), Petitioner timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). (Docket Entry 50.) At 12:22 p.m. on May 10, 2016, the undersigned United States

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Magistrate Judge entered a Recommendation that the Court deny Petitioner's Section 2255 Motion. (Docket Entry 57.) At 3:17 p.m. on May 10, 2016, the Clerk docketed a filing by Petitioner entitled "Additional Grounds to a Previously Submitted Motion pursuant to 28 U.S.C. 2255 to Vacate Sentence in Light of Ineffective Assistance of Counsel." (Docket Entry 59.)[2] That filing effectively represents a request by Petitioner to amend her Section 2255 Motion, which request the Court should deny as futile, in light of the legal insufficiency of the proposed additional claims. See generally United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility of amendment" warrants denial of amendment in Section 2255 context).

Petitioner's instant filing would add these *five* claims to her Section 2255 Motion:

> [C]ounsel was ineffective for failing to ([1]) argue the vagueness of the [I]ndictment on appeal[,] (2) argue that [Petitioner's] speedy trial rights were violated, (3) . . . argue that there was a violation of the dual sovereign doctrine, ([4]) argue on appeal that [P]etitioner's plea was not knowing, voluntary, and intelligently made, [and] ([5]) ensure that an [sic] Spanish speaking interpreter was present during interviews with investigator and with counsel and on May 5, 2014 to discuss the plea in its entirety before a signature was obtained from [Petitioner.]

(Docket Entry 59 at 1.)

---

[2] The "Date Filed" column on the Docket lists May 9, 2016, as the date of filing for the "Additional Grounds," but the embedded "Notice of Electronic Filing" reflects said document's actual docketing at 3:17 p.m. on May 10, 2016.

2

Petitioner possessed a federal constitutional right to effective assistance of counsel in her federal criminal case. See U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To establish constitutional ineffectiveness, Petitioner must show that her counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting *Strickland*'s high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable." (internal quotation marks omitted)).

## Additional Ground One

According to Petitioner, her counsel should have appealed her convictions on the two counts of using and carrying (by brandishing) a firearm during and in relation to a crime of violence (to which she pleaded guilty) on grounds of vagueness, because the Indictment did not explain aiding and abetting

3

liability under 18 U.S.C. § 2. (See Docket Entry 59 at 1-2.) This ineffective assistance of counsel claim fails as a matter of law because "aiding and abetting liability 'need not be charged in an indictment.'" United States v. Day, 700 F.3d 713, 720 (4th Cir. 2012) (quoting United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010)); see also Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . ."); Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit.").

### Additional Ground Two

Petitioner's "Additional Grounds" filing next asserts that her counsel should have raised a speedy trial claim, because the United States waited until January 2014 to obtain her Indictment, despite the state taking her into custody on parallel charges in April 2013. (See Docket Entry 59 at 2.) More specifically, Petitioner has claimed prejudice on the ground that "[t]his delay gave federal authorities more time to prepare their case and gather as much evidence to submit to the grand jury." (Id.) Any such claim of unconstitutional pre-indictment delay would have failed for lack of merit. See United States v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979) (observing that "[d]ue process is not violated simply because

4

the defendant is prosecuted after a substantial investigative delay," describing "eight-month period" between last criminal act and date of indictment as not "lengthy," and noting that federal authorities may defer indictment to gather evidence). Similarly, although the Speedy Trial Act generally requires the return of an indictment within 30 days of a defendant's arrest, see 18 U.S.C. § 3161(b), "it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act," United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982).[3]

Given the meritlessness of any constitutional or statutory speedy trial claim of the sort Petitioner now has identified, her counsel did not act ineffectively by opting against pursuing such a claim. See Oken, 220 F.3d at 269.

### Additional Ground Three

Petitioner's third additional ineffective assistance claim rests on the bald allegation that her counsel negligently "fail[ed]

---

[3] Petitioner's conclusory allegation "that the state and federal authorities were in collfusion [sic] with one another to give the court [sic] enough time to get enough evidence against [Petitioner]" (Docket Entry 59 at 2) cannot save her Speedy Trial Act-related ineffectiveness claim. See, e.g., United States v. Ganious, 635 F. Supp. 2d 80, 86 (D. Mass. 2009) (deeming insufficient "bare allegations" that state arrest constituted "ruse" to avoid Speedy Trial Act provisions); see also Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) ("[The p]etitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009).

5

to argue that there was a violation of the dual sovereignty doctrine[.]" (Docket Entry 59 at 1.) Petitioner's instant filing does not develop or explain this argument in any way. (See id. at 1-5.) In other words, the claim "is vague, conclusory, speculative, and unsupported and fails for all these reasons." Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished).

### Additional Ground Four

For a fourth new ineffective assistance claim, Petitioner has alleged that her counsel should have "argue[d] on appeal that [P]etitioner's] plea was not knowing, voluntary, and intelligently made[.]" (Docket Entry 59 at 1; see also id. at 3 (appearing to contend that counsel acted ineffectively by allowing Petitioner to plead guilty).) As shown in the prior Recommendation, the record confirms that Petitioner entered a knowing and intelligent guilty plea, pursuant to a thorough judicial colloquy, with an appropriate factual basis documenting conduct by Petitioner that established her culpability under Section 924(c), notwithstanding the fact that she did not personally brandish a firearm during the robberies. (See Docket Entry 57 at 4-19.) Accordingly, this fourth new claim of ineffectiveness cannot succeed. See Oken, 220 F.3d at 269; Carter, 1999 WL 1267353, at *11; see also United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a

strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (internal brackets, citations, ellipses, and quotation marks omitted)).

## Additional Ground Five

Lastly, Petitioner would have the Court deem her counsel ineffective for failing to utilize a Spanish interpreter during meetings prior to her entry of a guilty plea. (See Docket Entry 59 at 3-4.) This claim falls short, because (1) the Court (per Judge Beaty) communicated with Petitioner through a Spanish interpreter throughout the guilty plea colloquy (see Docket Entry 44 at 2; see also Docket Entry 59 at 1-5 (failing to identify any shortcoming in that colloquy)) and (2) "any misinformation [Petitioner] may have received [due to mis-communication with her counsel] was corrected by the trial court at the Rule 11 hearing, and thus [she] was not prejudiced," United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995); see also id. ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." (internal quotation marks omitted)).

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Additional Grounds to a Previously Submitted Motion pursuant to 28 U.S.C. 2255

to Vacate Sentence in Light of Ineffective Assistance of Counsel" (Docket Entry 59) be treated as a request to amend her Section 2255 Motion and be denied as futile, without issuance of a certificate of appealability.

                                                  /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                  **United States Magistrate Judge**

June 13, 2016