IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DALIA MARQUEZ BERNAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CR23-2 |
| | ) | 1:15CV521 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per Senior United States District Judge James A. Beaty, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, consecutive prison terms of 84 months and 300 months, as a result of her guilty plea to two counts of using and carrying by brandishing a firearm during and in relation to a crime of violence (i.e., two Hobbs Act robberies as proscribed by 18 U.S.C. § 1951(a)), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket Entry 34; see also Docket Entry 1 (Indictment); Docket Entry 21 (Factual Basis); Docket Entry 23 (Plea Agt.); Docket Entry 44 (Plea Hrg. Tr.); Docket Entry 45 (Sent'g Hrg. Tr.).)[1] After the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Bernal, 605 F. App'x 152 (4th Cir. 2015), Petitioner timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). (Docket

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Entry 50.) The undersigned United States Magistrate Judge entered a Recommendation that the Court deny that Section 2255 Motion. (Docket Entry 57.) Petitioner also filed "Additional Grounds to a Previously Submitted Motion pursuant to 28 U.S.C. 2255 to Vacate Sentence in Light of Ineffective Assistance of Counsel" (Docket Entry 59), as to which the undersigned Magistrate Judge also recommended denial of relief (Docket Entry 61). Petitioner now has filed an "Additional Ground to a Previously Submitted 28 U.S.C. 2255 in Light of the Retroactive Effect of Johnson V United States" (Docket Entry 64), stating as follows:

> [I]n light of Johnson the statute under which [Petitioner] was convicted was unconstitutionally vague. . . . [I]t also failed to inform [Petitioner] of each and every element to which she was being charged. By only citing 18 U.S.C. 2, this statute prejudiced [Petitioner]. The offense in which [Petitioner] is being indicted upon required the aiding and abetting language be included in the indictment. The statute's language states that [Petitioner] brandished a firearm during and in relation to a crime of violence. This language alone would deem [Petitioner] not guilty, because her conduct does not constitute the offense.

(Id. at 1.)

To the extent this "Additional Ground" focuses on the absence from Petitioner's Indictment of language discussing the aiding and abetting theory of liability, the claim fails as a matter of law because "aiding and abetting liability 'need not be charged in an indictment.'" United States v. Day, 700 F.3d 713, 720 (4th Cir. 2012) (quoting United States v. Ashley, 606 F.3d 135, 143 (4th Cir.

2

2010)). Nor does Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), impact the validity of Petitioner's convictions. First, even if Johnson effectively invalidated the residual clause of the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), Petitioner's Section 924(c) convictions would stand, because the two underlying "Hobbs Act robbery [offenses each] qualifie[d] as a crime of violence under [the force clause of] 18 U.S.C. § 924(c)(3)(A)." United States v. Hunter, No. 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 22, 2015) (unpublished); accord, e.g., United States v. Howard, No. 15-10042, 2016 WL 3470070, at *1 (9th Cir. Jun. 24, 2016) (unpublished); United States v. Clarke, ___ F. Supp. ___, ___, 2016 WL 1110306, at *3-6 (D. Md. 2016); United States v. Merinord, No. 5:15CR136, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) (unpublished); United States v. Redmond, No. 3:14CR226MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct. 13, 2015) (unpublished). Second, abundant authority confirms that neither the Hobbs Act nor Section 924(c) suffers from any other unconstitutional vagueness. See Stewart v. United States, Nos. 1:11CR156-2, 1:14CV657, 2015 WL 8752241, at *3 (M.D.N.C. Dec. 14, 2015) (unpublished) (citing cases), recommendation adopted, 2016 WL 430492 (M.D.N.C. Feb. 3, 2016) (unpublished).

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Additional Ground to a Previously Submitted 28 U.S.C. 2255 in Light of the

3

Retroactive Effect of Johnson V United States" (Docket Entry 64) be treated as a request to amend her Section 2255 Motion and be denied as futile, without issuance of a certificate of appealability.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

July 18, 2016