IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DALIA MARQUEZ BERNAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV1129 |
| | ) | 1:14CR23-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing labeled "Motion to Reopen Bernal's 2255 Proceeding under Fed. R. Civ. P. 60(b)" (Docket Entry 84) and what the Court treated as a Supplement (Docket Entry 89) to that filing. However, the contentions therein do not relate to or raise a viable argument under Rule 60(b). Instead, they relate to the First Step Act of 2018 or to prior arguments she already raised in her § 2255 motion. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses under 21 U.S.C. § 841(b)(1)(A) and (B). However, initial screening of Petitioner's filing reveals that Petitioner was not convicted of such an offense, but was instead convicted of two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Moreover, Petitioner was sentenced in 2014 under the statutory provisions in effect <u>after</u> the Fair Sentencing Act

became effective on August 3, 2010. Thus, the Fair Sentencing Act was already in effect at the time of Petitioner's sentencing. See First Step Act of 2018 Section 404(c). Petitioner possibly seeks to raise a claim under provisions of the First Step Act related to consecutive sentences imposed under 18 U.S.C. § 924(c). However, that provision of the Act does not apply retroactively to sentences imposed prior to its enactment on December 21, 2018. Brown v. Antonelli, C/A No. 8:19-cv-1344-HMH-JDA, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019) (unpublished) (collecting cases), report and recommendation adopted, 2019 WL 2358977 (D.S.C. June 4, 2019), aff'd 789 F. App'x 976 (4th Cir. 2020) For these reasons, Petitioner's attempt at raising a viable claim under the First Step Act fails and should be denied.

Given the labeling of her Motion, the Court treated her filing as a motion under § 2255 out of an abundance of caution. Also, at times, the Motion mentions claims not related to the First Step Act. One of these is a reference to the "Holloway Doctrine" and United States v. Holloway, 68 F. Supp. 3d 310 ( E.D.N.Y. 2014). However, that case involved a situation where the Government agreed not to oppose the reopening of a § 2255 motion and the granting of relief. There is no such agreement by the Government in the present case, which means that Holloway does not apply here. Further, Petitioner states in her Supplement that she "know[s she] can get a reduce[d] sentence under Johnson, Dimaya, Davis, and Ali case[s]." (Docket Entry 89 at 2.) Plaintiff already raised claims related to the issues discussed in these cases, only to have them denied. (See Docket Entries 57 at *3-4, n.2; Docket Entry 87 at *3; Docket Entry 88.) She cannot simply raise them again. To the extent Petitioner claims that her sentences or convictions

2

are illegal or invalid, she would need to file a new motion under § 2255.  Further, court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion [No 1:15CV521].  Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider any new Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244.  See AO 243 (MDNC 10/07), Instructions, ¶ (4) (copy enclosed).  Petitioner should contact the Clerk's Office to obtain the proper forms if she wishes to seek such authorization.  The present action should be dismissed without prejudice to her doing so.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if she seeks to attack her sentence under that statute and receives permission to do so.

This, the 22nd day of June, 2020.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
     **United States Magistrate Judge**