IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DALIA MARQUEZ BERNAL,            )
                                 )
            Petitioner,           )
                                 )
    v.                            )          1:19CV1129
                                 )          1:14CR23-2
UNITED STATES OF AMERICA,         )
                                 )
            Respondent.           )

### ORDER

This matter is before the court for review of the Recommendation filed on June 22, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 105.) In the Recommendation, the Magistrate Judge recommends that Petitioner's request for relief under the First Step Act, (Docs. 84, 89), be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if she seeks to attack her sentence under that statute and receives permission (from the United States Court of Appeals for the Fourth Circuit) to do so. (Doc. 105 at 3.) The Recommendation was served on the parties to this action on June 22, 2020, (Doc. 106), and Petitioner filed timely objections and supplemental objections to the Recommendation, (Docs. 112, 113). Petitioner also filed a motion

for extension, (Doc. 107), to respond to the Magistrate Judge's Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court will address Petitioner's objections. In her objections, she makes the following contentions:

> It appears that the [M]agistrate court believes that I based my eligibility under the Fair Sentencing Act. This is not true. I am requesting a reduction due to a change in sentencing pursuant to the First Step Act of 2018.
>
> A prior motion was submitted, pursuant to [18 U.S.C. §] 3582(c). I compelled this court to consider that my case should be considered for compassionate release for extraordinary and compelling circumstances based upon the changes amended to 18 U.S.C. [§] 924(c). Congress amended [§] 924(c) therefore a consecutive term of 25 years for a 2nd or subsequent conviction of possession of a firearm during a drug trafficking offense or a violent offense, no longer mandates if the crime was committed before a prior conviction under the subsection was final. This amendment would benefit [Petitioner] had it been in effect at the time of her sentencing. (See United States v. Urkevich, [No.] 8:03CR37, 2019 WL 6037391[ (D. Neb. Nov. 14, 2019) (unpublished)].
>
> The [c]ourt noted in Urkevich that "the [C]ommentary [to § 1B1.13 of the United States Sentencing

- 2 -

Case 1:14-cr-00023-WO   Document 115   Filed 10/21/20   Page 2 of 5

for extension, (Doc. 107), to respond to the Magistrate Judge's Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court will address Petitioner's objections. In her objections, she makes the following contentions:

> It appears that the [M]agistrate court believes that I based my eligibility under the Fair Sentencing Act. This is not true. I am requesting a reduction due to a change in sentencing pursuant to the First Step Act of 2018.
>
> A prior motion was submitted, pursuant to [18 U.S.C. §] 3582(c). I compelled this court to consider that my case should be considered for compassionate release for extraordinary and compelling circumstances based upon the changes amended to 18 U.S.C. [§] 924(c). Congress amended [§] 924(c) therefore a consecutive term of 25 years for a 2nd or subsequent conviction of possession of a firearm during a drug trafficking offense or a violent offense, no longer mandates if the crime was committed before a prior conviction under the subsection was final. This amendment would benefit [Petitioner] had it been in effect at the time of her sentencing. (See United States v. Urkevich, [No.] 8:03CR37, 2019 WL 6037391[ (D. Neb. Nov. 14, 2019) (unpublished)].
>
> The [c]ourt noted in Urkevich that "the [C]ommentary [to § 1B1.13 of the United States Sentencing

> Guidelines] describes certain circumstances under
> which "extraordinary and compelling circumstances" for
> a reduction are deemed to exist, but the [C]ommentary
> does not suggest the list is exclusive. Applicat[ion]
> Note 1(D)[,] titled "Other Reasons" is a catch[-]all
> provision. Th[e] Urkevich c]ourt, along with others
> also determined that the [United States Sentencing]
> Commission's failure to amend 1B1.[1]3 does not
> preclude a court from acting on motions applicable to
> [the Application] Note 1(D) "catch-all provision."
> . . . Based on the new provision, a person convicted
> of 2 subsequent counts of [§] 924(c) would be
> subjected to (5+5) .. 10 years.
>
> I was convicted of [§] 924(c)(1)(A)(ii), it carries a
> minimum mandatory of 7 years. I am uncertain if the
> court would subject my sentence to (7+5) 12 years or
> (5+5) 10 years or (7+7) 14 years. <u>I am not seeking to
> reopen my 2255 motion.  I am simply seeking relief
> under [§] 3582(c)(1)(A).</u>

(Doc. 112 at 1-2 (underscoring added and stray parentheses omitted).)

As the above-quoted passage makes clear, despite titling her request for relief "Motion to Reopen Bernal's 2255 Proceeding under Fed. R. Civ. P. 60(b)," (Doc. 84 at 1), Petitioner now asserts that she instead seeks relief under Section 603 of the First Step Act of 2018, codified at 18 U.S.C. § 3582(c)(1)(A). (See Doc. 112 at 2). However, the court need not consider new arguments raised by a party for the first time in objections to a magistrate's recommendation. See, e.g., Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988)) ("The Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case

past the magistrate, then another past the district court."); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [magistrate judge's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised."). Moreover, review of the court's docket in this matter reflects that Petitioner filed a separate "Motion Requesting a Reduction of Sentence under 18 U.S.C. 3582(c)(1)(A) pursuant to the First Step Act (FSA) for Extraordinary and Compelling Reasons," (Doc. 98), which remains pending before the court.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 105), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's filing labeled "Motion to Reopen Bernal's 2255 Proceeding under Fed. R. Civ. P. 60(b)," (Doc. 84), as supplemented, (Doc. 89), is construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and that this action be, and is hereby, dismissed without prejudice to Petitioner promptly filing a corrected motion on the proper

- 4 -

§ 2255 forms if she seeks to attack her sentence under that statute and receives permission to do so.

**IT IS FURTHER ORDERED** that Petitioner's motion for extension, (Doc. 107), is **GRANTED** and her objections and supplement, (Docs. 112, 113), are deemed timely filed.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 21st day of October, 2020.

William L. Osteen, Jr.
United States District Judge